UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TRUONG JASON DINH,
   Petitioner,

v.                                           Case No. 3:22-cv-1146 (OAW)

COMMISSIONER, OF CORRECTIONS,
   Respondent.

## ORDER OF DISMISSAL

Petitioner Truong Jason Dinh, a state pretrial detainee (at the time he initiated this action) in the custody of the Connecticut Department of Correction ("DOC"), filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 asserting multiple grounds for relief in connection with state criminal proceedings that were still pending.[1] Pet., ECF No. 1.[2] Upon review, the court determines that an order to show cause should not be issued in this matter. Rather, the court will dismiss the petition without prejudice because Petitioner has not exhausted his state court remedies.

### I.    The Petition

In the habeas petition, Petitioner brought four claims related to four then-pending

---

[1] The court may "take judicial notice of relevant matters of public record." *Sanchez v. RN Debbie*, No. 3:18-CV-1505 (JCH), 2018 WL 5314916, at *2 (D. Conn. Oct. 26, 2018) (citing *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012)). Information regarding Petitioner's confinement status may be found on the Department of Correction website using his inmate number: 380140. Petitioner's latest admission date was January 12, 2022, and he remained in custody at Garner Correctional Institution until he was sentenced on November 17, 2022. *See* "Connecticut State Department of Correction: Inmate Information," available at http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=380140 (last visited Jan. 6, 2023).

[2] Petitioner has moved for leave to file an amended petition, and simultaneously filed an amended petition which generally states the same claims as were asserted in the original petition, but with additional supporting facts. Given the current posture of this action, the court will address both petitions in this order.

cases in Connecticut's state criminal court: Connecticut Criminal Case Docket Numbers D03D-CR21-0192895-S, D03D-CR21-0192897-S, D03D-CR22-0192985-S, and D03D-CR22-0192986-S.  Pet., ECF No. 1 at 6–7, 9.[3]  First, Petitioner contends he is being maliciously prosecuted for violation of a protective order.  *Id.* at 6.[4]  Second, Petitioner contends that his defense attorney failed to argue meritorious speedy trial motions on his behalf.  *Id.*  Third, Petitioner appears to fault his defense attorney for not addressing incorrect addresses noted on his arrest warrants.  *Id.*  Fourth, Petitioner contends that a judge overseeing his case ordered an excessive bond.  *Id.* at 7.  In his amended complaint, he also asserts that the incorrect addresses on his arrest warrants gave rise to a jurisdictional deficiency.  Am. Pet., ECF No. 23 at 15.  For relief, the Petitioner asks this court "to vacate all charges of the violation [of] protective order and the charge of violation of a standing criminal protective order or order [a] new trial." Am. Pet., ECF No. 23 at 7.

## II.   Legal Standard

Under 28 U.S.C. § 1915A, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a

---

[3] A search for pending criminal cases on the Connecticut judicial website (after his habeas petition was filed) using Petitioner's last name and first initial showed that in the four noted cases, Petitioner stood charged with four felony counts of violating a protective order, one count of felony stalking, and multiple misdemeanors.  Petitioner had pled guilty to two of the felony charges for violating a protective order. The remaining charges appeared pending at such time.  *See* "State of Connecticut Judicial Branch: Search by Defendant Name," available at https://www.jud2.ct.gov/crdockets/parm1.aspx (last visited Nov. 15, 2022).
[4] The specific allegations of Petitioner's claims are difficult to follow.  But he appears to contend that incorrect addresses were noted on his arrest warrants.  Due of these errors, Petitioner appears to claim that authorities cannot lawfully prosecute him for violation of a protective order.  Pet., ECF No. 1 at 6.

claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *See also* 28 U.S.C. § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*") (emphasis added).

Although Petitioner purports to bring his petitions under 28 U.S.C. § 2241, he is no longer a pretrial detainee.  Thus, a habeas petition under Section 2254 is the appropriate jurisdictional basis for his claims. *Blanchard v. New York*, 2018 WL 2324054, at *2 (N.D.N.Y. May 22, 2018) ("State prisoners … must bring challenges both to the execution of a sentence and to underlying convictions under section 2254, which governs petitions filed by a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").  Therefore, the court will construe both petitions under Section 2254.

### III.   Discussion

It is clear on the face of the petitions that Petitioner has not satisfied his obligation to exhaust his state court remedies prior to filing this action.

It is well-established that before a federal court may grant habeas relief to a state prisoner, the prisoner must properly exhaust his remedies in state court.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Section 2254 expressly states that an application

for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254 (b)(1)(A), (B)(i), (ii).  Petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner must also use the proper procedural vehicle so that the state court may pass on the merits of his claims.  *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985). Thus, in order to properly exhaust his state court remedies, Petitioner must present the factual and legal bases of his federal claims to the highest state court capable of reviewing them and utilize all available means to secure appellate review of his claims. *See Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir. 2005).   Failure to exhaust state court remedies may be excused only if "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam). Here, the Petitioner concedes in both petitions that he has not filed any appeals related to any of the claims brought in his petition.  Pet., ECF No. 1 at 2–3; Am. Pet., ECF No. 23 at 2–3.  A search on the Connecticut Judicial Branch website reveals no state habeas cases filed by Petitioner since his admission on January 12, 2020.  And while Petitioner has filed several grievances, *see* Am. Pet., ECF No. 30 at 2–3, those do not satisfy his obligation to appeal to the highest state court.  Further, Petitioner raises no suggestion that the state trial and appellate courts of Connecticut

4

are deficient or unable to consider and to rule on his claims. Accordingly, the petitions must be dismissed due to Petitioner's failure to exhaust his state remedies prior to filing this action.

### IV.  Conclusion

Accordingly, for the foregoing reasons, it is ordered and adjudged as follows:

1. The petition under 28 U.S.C. § 2241, ECF No. 1, and the amended petition under 28 U.S.C. § 2241 are **DISMISSED without prejudice.** Because Petitioner has not made a substantial showing that this Order denies his constitutional rights, no certificate of appealability shall issue.  See 28 U.S.C. § 2253(c)(2).

2. All pending motions, ECF Nos. 13, 14, 15, 16, 17, 18, 19, 20, and 22, hereby are **DENIED as moot.**

3. The Clerk of Court is instructed, respectfully, to **CLOSE** this case.

**IT IS SO ORDERED** at Hartford, Connecticut, this 26th day of January, 2023.

_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE
